Redevelopment Authority of the City of Philadelphia, Appellant *v.* Associated Retail Stores, Inc., Appellee.

Argued October 5, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Francis J. Moran,* with him *Peter A. Galante,* for appellant.

*Robert W. Maris,* with him *Dilworth, Paxson, Kalish, Levy & Kauffman for appellee.*

OPINION BY JUDGE WILKINSON, JR. November 13, 1979:

In this eminent domain case, the Redevelopment Authority of the City of Philadelphia (Authority) appealed from an order of the Court of Common Pleas of Philadelphia County which denied the Authority's post-trial motions. We affirm.

On May 21, 1970 the Authority filed a Declaration of Taking condemning the premises 833-39 Market Street. Fidelity-Philadelphia Trust Company (Fidelity Trust) was the fiduciary owner of the premises. The prime tenant was Associated Retail Stores, Inc. (Associated), which operated in the three internally connected buildings a retail apparel store known as Blauners. The Blauners store business had been conducted on these premises since 1948. In the operation of the store Associated used many trade fixtures and equipment and made extensive improvements and additions Associated's lease with Fidelity Trust provided that Associated retained ownership of all those items. Unable to find a suitable relocation site for

the large department store, Associated vacated the premises on May 13, 1974 and left behind all the equipment and fixtures, a substantial portion of which were attached to the real estate.

Although the Authority concluded a settlement of just compensation for the value of the real estate with Fidelity Trust, the Authority never settled with Associated. Associated sought compensation for the taking before a Board of View. The Authority appealed from the award the Board of View granted, and a trial de novo was held before a judge and jury. The jury verdict was an amount in excess of $364,000, and the common pleas judge also allowed compensation for delay in payment, to run from May 13, 1974, to the date of payment. Only the delay compensation is in issue here.

Under Section 601 of the Eminent Domain Code (Code)[1], a condemnee is entitled to just compensation for the taking of his property. Accordingly to Section 603 of the Code, 26 P.S. §1-603, that compensation should account for machinery, equipment and fixtures forming part of the real estate taken. Section 611, 26 P.S. §1-611, sets forth a mandatory requirement of delay compensation for delays in payment of just compensation for property taken.

Section 601A(b) of the Code, 26 P.S. §1-601A(b)[2], provides dislocation damages for persons displaced from their place of business. Unlike Article VI which contains Section 611, as noted above, Article VI-A of the Code does not provide delay compensation.

Thus the judgment for delay compensation to Associated is warranted if the verdict is controlled by Article VI and is unwarranted if Article VI-A is the controlling portion of the Code. The answer to that

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-601.

[2] Added by the Act of December 29, 1971 P.L. 640.

and to the Authority's appeal will depend upon whether the Assembled Economic Unit Doctrine has application to a tenant-condemnee or whether Article VI-A is the exclusive means of ascertaining damages for equipment and fixtures a tenant-condemnee leaves behind.

The Assembled Economic Unit Doctrine is the judicial test for determining whether machinery, equipment and fixtures constitutes part of an assembled economic unit and therefor part of the condemned realty; the owner of the machinery, equipment and fixtures is entitled to just compensation for its taking. *Singer v. Oil City Redevelopment Authority*, 437 Pa. 55, 261 A.2d 594 (1970). *"The purpose of the doctrine is to preserve the economic position of the individual whose property is condemned." Redevelopment Authority of Erie v. Pulakos*, 17 Pa. Commonwealth Ct. 251, 259-60, 330 A.2d 869, 875 (1975). (Emphasis in original.)

Other sections of the Code provide insight. Section 201(2), 26 P.S. §1-201(2), defines condemnee as "the owner of a property interest taken, injured or destroyed. . . ." The official comment to this section states, "[i]t is intended by this definition to include tenants, purchasers under agreements of sale and holders of options as condemnees." Section 507, 26 P.S. §1-507, provides that the claims of all parties, including "all tenants," shall be tried together, so the jury can first make a total award for the property and then apportion the total amount of damages between or among the claimants.

In *North Side Deposit Bank v. Urban Redevelopment Authority of Pittsburgh*, 1 Pa. Commonwealth Ct. 274, 274 A.2d 215 (1971), this Court said, "since the Code includes tenants within its definition of 'Condemnee', there is no apparent reason why the [Assembled Economic Unit] Doctrine should not ap-

ply to an economic unit such as a bank which occupies only a portion of a condemned property." *Id.* at 285, 274 A.2d at 220. (Footnote omitted.) In the able opinion of Judge DiSalle of this Court in *Redevelopment Authority of City of Philadelphia v. Driscoll*, 45 Pa. Commonwealth Ct. 202, 405 A.2d 975 (1979), we held that a condemnee-tenant may have recourse to the Assembled Economic Unit Doctrine and properly be awarded damages for loss in value to machinery, equipment and fixtures used in a business operated on the condemned property.

In the instant case this Court is of the opinion that the Assembled Economic Unit Doctrine was properly applied to the tenant-condemnee Associated. The jury verdict was properly considered to be under Article VI of the Code, and the delay compensation is required by Section 611.

Accordingly, we will enter the following

ORDER

AND Now, November 13, 1979, the opinion of the Court of Common Pleas of Philadelphia County, No. 3966, dated October 23, 1978, is affirmed.