**UNITED STATES of America**

v.

**97.19 ACRES, MORE OR LESS, LOCATED IN MONTGOMERY, WASHINGTON AND ALLEGANY COUNTIES, MARYLAND, Hollis E. Hopkins et al., and Unknown Owners.**

Civ. No. HM75–956.
Parcel No. 17–103.

United States District Court,
D. Maryland.

April 6, 1981.

Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., Susan J. Rubin, Atty., Dept. of Justice Land & Natural Resources Div., Washington, D. C., for plaintiff.

Rex Sturm, and R. Edwin Brown, Rockville, Md., for defendants.

## ORDER

HERBERT F. MURRAY, District Judge.

In this land condemnation case, a jury award of just compensation in the amount of $15,000 was reversed by the United States Court of Appeals for the Fourth Circuit and the case was remanded for a new trial. *United States v. 97.19 Acres of Land, etc.,* 582 F.2d 878 (4th Cir. 1978).

On remand the case was referred to the Land Commission of this Court for trial. The Land Commission after trial filed its report, awarding just compensation in the total amount of $80,386.00. This court, after consideration of the report and exceptions filed by the plaintiff, entered a Memorandum and Order adopting the Commission's report and directing counsel to submit an appropriate judgment order. The parties being unable to agree on the appropriate rate of interest from the date of taking on July 2, 1976 on the deficiency of $65,-386.00 between the Land Commission's award and the original jury award, the matter was referred to Magistrate Frederic N. Smalkin for determination.

Magistrate Smalkin in a Memorandum Opinion filed March 19, 1981, adopted the formula for interest computation laid down by the Court of Claims in *Pitcairn v. United States,* 547 F.2d 1106 (Ct.Cl.1976), cert. denied, 434 U.S. 1051, 98 S.Ct. 903, 54 L.Ed.2d 804 (1978) and established appropriate rates of interest for the time periods involved. Having considered the Memorandum Opinion filed by the United States Magistrate on March 19, 1981, it is this 6th day of April, 1981, by the United States District Court for the District of Maryland,

*ORDERED:*

(1) That the Memorandum Opinion of the Magistrate is accepted by the Court and is adopted by the Court in all respects; and

(2) that the Clerk of the Court shall mail copies of this Order, along with the Memorandum Opinion attached hereto, to all counsel of record.

## MEMORANDUM OPINION

FREDERIC N. SMALKIN, United States Magistrate.

This condemnation case was filed by the United States on July 16, 1975, as a "straight" taking, that is, not under the provisions of the Declaration of Taking Act, 40 U.S.C. § 258a (1976). Following a jury trial, a verdict was returned on May 17, 1976, awarding just compensation in the amount of $15,000. The $15,000 was paid over to the defendant by order of the Court, entered April 7, 1977. A final judgment vesting title in the United States as of July 2, 1976, was entered on July 13, 1976. Thereafter, the case was reversed on appeal by the United States Court of Appeals for the Fourth Circuit and remanded for a new trial. *United States v. 97.19 Acres of Land, etc.,* 582 F.2d 878 (4th Cir. 1978).

On remand, the case was referred to the Land Commission of this Court for trial, by Judge Murray's order filed February 27, 1979. Following a hearing held in open court on September 14, 1980, I held that the time of valuation, *i. e.*, the time of taking of the property, was July 2, 1976, which was identified in Judge Murray's final judgment of condemnation as the date on which the fee simple absolute title to the property vested in the United States. In that I concluded that the mandate of the Fourth Circuit did not divest the United States of title, but simply ordered retrial of the issue of just compensation, I held that the date on which title vested was the date of taking for purposes of valuation on retrial. That ruling is not contested by the parties.

After trial, the Land Commission filed its report, awarding just compensation, as of the date of taking, in the total amount of $80,386. After consideration of the report and the plaintiff's exceptions thereto, Judge Murray entered a Memorandum and Order adopting the Commission's report and directed counsel for the defendant to submit, not later than February 12, 1981, a proposed judgment awarding just compensation in the amount of $80,386, consented to (as to form only) by counsel for the plaintiff. On March 5, 1981, the plaintiff filed its motion for stay of interest, requesting that interest be stayed on the deficiency because of the defendant's counsel's failure to file the proposed judgment by February 12, 1981. On the same date (March 5th), the defendant filed her proposed judgment, but the rate of interest was left unsettled by the proposed order, in that, although it prescribed interest at 9%, it automatically granted leave, within 15 days, for the parties to move for an amendment of the judgment with regard to the rate of interest.

The matter having been referred to me by Judge Murray, I held a hearing on March 12, 1981, on the plaintiff's motion for a stay of interest, and to determine the appropriate interest rate to be incorporated in the final judgment.

In *United States v. Blankinship*, 543 F.2d 1272 (9th Cir. 1976), the Ninth Circuit held that the 6% interest rate specified in the Declaration of Taking Act (40 U.S.C. § 258a (1976)) constitutes only a floor on the interest applicable to a deficiency between the advance deposit of estimated just compensation and the final judgment. The *Blankinship* court held that the constitutional requirement of just compensation would not be met if 6%, or any other fixed amount, were allowed to constitute a ceiling on the interest payable on a deficiency. 543 F.2d at 1275–76. This Court has consistently followed *Blankinship* in declaration of taking cases. *See e. g., WMATA v. One Parcel of Land in Montgomery County, Maryland, David R. Shaub, et al.*, No. K–78–140 (D.Md.1979).

Although the instant case does not arise under the Declaration of Taking Act, the legal situation of the parties is indistinguishable. In this case, the United States acquired title as of July 2, 1976. At that time, the landowner became entitled to $15,000 by virtue of the jury's verdict. Because that verdict was not the amount of just compensation ultimately awarded, a deficiency was generated, in the amount of $65,386, when the Land Commission determined its final award of just compensation. It appears to me that the *Blankinship* rationale is fully applicable to this case, in that the landowner was divested of title as of July 2, 1976, and was not then paid the full amount of compensation to which she was entitled.

The *Blankinship* court characterized the choice of the appropriate rate of interest as a question of fact, to be determined by the trial court. *Id.* at 1276. The Ninth Circuit's opinion, however, strongly indicated that the interest rates derived from certain types of government obligations should be given practically determinative weight:

We are reluctant to disturb this finding and do so only because we are convinced that the proper interest rate applicable to an obligation of the United States may well be lower than that applicable to other borrowers. Moreover, this lower rate is particularly relevant here because the

obligation to pay the deficiency is an obligation of the United States, a creditor whose obligation embodies no risk of default. Seizure of land under the Declaration of Taking Act is an act by the United States by which it substitutes for ownership of land, together with the risks attendant thereto an obligation of the United States which is free of the risk of default. The maturity date of that obligation is the date at which the deficiency and the proper interest is deposited in the court. Thus, the obligation may be more equivalent to a two or three-year Treasury note or bond than a 90 or 180-day Treasury bill.

Therefore, we do not consider the trial court's use of such bills as adequate to counter the distorting effect of the other data it considered. Such other data involved obligations not as riskless as those of the Treasury. We believe that the trial court should have focused more on that type of marketable public debt security which constitutes a direct obligation of the United States Treasury having a duration approximating the period during which the deficiency was unpaid. Data of this type appears in the TREASURY BULLETIN and the FEDERAL RESERVE BULLETIN. [Footnote omitted].

543 F.2d at 1276. Pursuant to this authority, the plaintiff contends that 9% is a fair rate of return for the period July 2, 1976 to 1980, citing in support of its position the average rates of return on one year and three year debt obligations of the United States for the period in question. As calculated by plaintiff's counsel, the average rate of return overall on such obligations is between 8.2 and 8.3% for the period in question. The Court has taken judicial notice of the Federal Reserve Bulletin extracts from which these figures were derived. Fed.R. Evid. 201(b)(2).

On the other hand, defendant's counsel, citing a line of cases from the Court of Claims, argues that the plaintiff's construction of *Blankinship*, as allowing resort only to interest rates payable on government obligations, is too narrow. Defendant argues that the Court should take into account the interest rates payable on a more diversified investment portfolio during the period that the deficiency was outstanding. Further, the defendant argues that the simple interest thus derived should be compounded. Defendant offered the testimony of a banker, who established the composite interest rate on prime commercial paper, bankers acceptances, six month treasury bills, six month certificates of deposit, and money markets at 12.69% for 1980, and, for the year 1981, 14.65%. In both cases, the return was calculated on the basis of an investment exceeding $10,000.

After having carefully reviewed the authorities cited by counsel, the Court is of the opinion that defendant's argument is meritorious with regard to considering return rates on securities more diversified than direct government obligations, but not meritorious with regard to compounding the interest rates so derived.

The seminal case in the line of Court of Claims cases on which defendant relies is *Pitcairn v. United States*, 547 F.2d 1106 (Ct.Cl.1976), *cert. denied*, 434 U.S. 1051, 98 S.Ct. 903, 54 L.Ed.2d 804 (1978). That case involved determination of just compensation for the taking of certain patent rights by the United States for the manufacture of helicopters during the Second World War. In *Pitcairn*, the court directly addressed the issue of the rate of interest applicable during the period of delayed compensation. The majority held that the interest payable on Moody Aaa long-term corporate bonds was an appropriate source for determining the interest rate. 547 F.2d 1120–22. In his dissent, Judge Skelton, citing *United States v. Blankinship, supra*, stated that the interest rate should be determined only by reference to United States Treasury debt obligations, because of the similarity, in terms of investment risk, between direct government debt obligations and an obligation of the United States to pay just compensation; this is the same rationale put forward in the excerpt from *Blankinship* quoted hereinabove. Other cases of the Court of Claims have followed

*Pitcairn,* including *Tektronix, Inc. v. United States,* 575 F.2d 832, 836 (Ct.Cl.1978), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978), and *Miller v. United States,* 620 F.2d 812, 838 (Ct.Cl.1980). In *Miller, supra* at 838, the Court of Claims adopted a *per se* rule determinative of interest, when awarded as part of just compensation, in all Court of Claims cases. Its reason for adopting the rule was stated as follows: "There is . . . a strong judicial policy in favor of the establishment of a uniform rate of interest applicable to condemnation cases in order to avoid discrimination among litigants." 620 F.2d at 838. The *Miller* court, taking judicial notice of the long-term corporate Aaa bond interest rates for the years 1976 through 1979, 620 F.2d 840 n.28, adopted a composite interest rate of 8.5% for the years 1976 through 1979. For 1980, it established a provisional rate of 12%. I take judicial notice that the final rate of interest on Aaa corporate debt obligations, as set forth in the Federal Reserve Bulletin for 1980, at page A25, was 11.94%. Fed.R.Evid. 201(b)(2).

It would appear that the line of Court of Claims cases following *Pitcairn* is irreconcilable with the *Blankinship* court's stated preference for determining interest only by reference to direct government debt obligations, which historically have a lower rate of return than corporate obligations. Indeed, the citation of *Blankinship* by Judge Skelton in his dissent in *Pitcairn* indicates that the cases are apparently irreconcilable. However, the Ninth Circuit has recently reconsidered the matter of interest rates in condemnation cases, and has, albeit *sub silentio,* repudiated the apparent restriction on sources for determination of interest rates that was set forth in *Blankinship, supra* at 1276–77. In *United States v. 429.-59 Acres of Land,* 612 F.2d 459, 464–65 (9th Cir. 1980), the court approved of the use of a mixture of securities, including corporate obligations, by a land commission, in determining, as a matter of fact, the interest rate payable in a just compensation case.

With regard to *Blankinship's* apparent restriction to government securities, the Ninth Circuit stated, "*United States v. Blankinship, supra,* does not require the application of any fixed formula for interest rate determinations in condemnation cases." 612 F.2d at 465.

■ Thus, the main conflict between *Blankinship* and the Court of Claims formula has been dissipated in the wake of the Ninth Circuit's holding in *United States v. 429.59 Acres of Land, supra.* In view of this Court's agreement with the position of the Court of Claims, to the effect that there should be a uniform policy established as to rates of interest payable in condemnation cases, and in view of the Court of Claims' acknowledged expertise in this area, I am of the opinion that the Court of Claims formula should be adopted by this Court.

Therefore, the interest rate applicable to the deficiency in the instant case is hereby fixed at 8.5% for the period 1976–1979, 11.94% for the year 1980, and 12.67% for the period beginning January 1, 1981 to the date of payment.* Applying the 8.5% rate to the deficiency of $65,386, there is an annual interest rate of $5,557.81. Thus, the total interest for the period July 2, 1976 through December 31, 1979 is $19,452.33. The interest payable for the year 1980 is $7,807.88. The interest payable for the period January 1, 1981 until the date of payment is $22.69 per day.

■ With regard to the matter of compound interest, although it is true that the Ninth Circuit in *United States v. 429.59 Acres of Land, supra* at 465, approved of the compounding of interest under the circumstances of that case, the Court of Claims formula is based only on a simple interest calculation, not on a compounded basis. I am of the opinion that the Court of Claims formula adequately compensates a property owner for deprivation of the deficiency amount, and that there is no need to compound the interest calculated under

---

* The 1981 rate has been calculated by the Court by averaging the applicable weekly rates from the beginning of 1981 through the week of March 11, 1981. The Court has taken judicial notice of those rates. Fed.R.Evid. 201(b)(2).

that formula. In holding that interest is not to be compounded, I am specifically not relying on such authority as *Cherokee Nation v. United States,* 270 U.S. 476, 46 S.Ct. 428, 70 L.Ed. 694 (1926), which I find to be entirely inapposite, or *United States v. 125.- 71 Acres of Land,* 54 F.Supp. 193, 194 (W.D. Pa.1944), which does not discuss the issue authoritatively.

Finally, with regard to plaintiff's motion to stay the interest because of the defendant's failure to submit the final judgment herein promptly, I am of the opinion that interest should be excluded for the period February 12, 1981 to March 5, 1981, a period of 21 days. At the rate of $22.69 per day, this is an amount of $476.49, which must be deducted from the interest otherwise payable by the plaintiff.

An Order of Judgment in conformance with this Memorandum Opinion is appended hereto, for the signature of Judge Murray.