Pittsburgh North, Inc., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

574

Argued November 14, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MAC-PHAIL, BARRY, COLINS and PALLADINO.

*Leonard M. Mendelson, Hollinshead and Mendelson,* for appellant.

*Jeffrey L. Giltenboth,* Assistant Counsel, with him, *Edward D. Werblun,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE COLINS, March 5, 1985:

Appellant, Pittsburgh North, Inc. (condemnee), was the owner in fee of a piece of property located in the 26th Ward of the City of Pittsburgh. A Declaration of Taking was filed by appellee, Commonwealth of Pennsylvania, Department of Transportation (condemnor), on March 23, 1977. The Commonwealth, on May 25, 1977, paid $13,920.00 into the Court of Common Pleas of Allegheny County as its estimate of

just compensation. Subsequent appeals eventually led to a jury award of $50,000.00 in favor of condemnee being returned on January 28, 1983.

Appellant argues that it is entitled to delay damages from May 25, 1977, under Section 611 of the Eminent Domain Code, and also that the statutory interest of six per cent (6%) is a denial of due process due to its being an unreasonably low rate. We disagree and affirm the trial court's decision.

The trial court's ruling was appealed to an en banc panel of the Court of Common Pleas of Allegheny County, which concurred in the dismissal of appellant's petition for delay damages. We affirm on the able opinion of Judge RICHARD G. ZELEZNIK, of the Court of Common Pleas of Allegheny County, and incorporate the opinion of Judge ZELEZNIK as that of the Court.    Pa. D. & C. 3d    (1983).

ORDER

AND Now, March 5, 1985, the order of the Court of Common Pleas of Allegheny County, entered at No. GD 81-14168, dated November 28, 1983, is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

––––––––––

DISSENTING OPINION BY JUDGE BARRY:

I respectfully dissent. It seems clear to me under the facts of this case that condemnee is entitled to an award of delay compensation, as part of the just compensation required to be paid under the Eminent Domain Code and the Fifth and Fourteenth Amendments of the United States Constitution and under the Pennsylvania Constitution. It is also clear to me that the six per cent rate of interest under Section 611 of the Eminent Domain Code under present market conditions is an unreasonably low rate which amounts to

a denial of due process to a condemnee. Many federal and state courts have so held. *See,* for example, *Washington Metropolitan Area Transit Authority v. One Parcel of Land,* 706 F.2d 1312 (4th Cir. 1983); *United States v. 329.73 Acres,* 704 F.2d 800 (5th Cir. 1983); *United States v. 97.19 Acres, More or Less,* 511 F. Supp. 565 (D. Md. 1981); *King v. State Roads Commission,* 298 Md. 80, 467 A.2d 1032 (1983). In the last cited case reference to decisions in other states indicates that a six per cent interest rate should be considered only a minimum rate to be paid a condemnee. In the Maryland case, the court indicated that there are three methods of ascertaining the proper rate to be used and affirmed the trial court when it awarded interest based on the average annual rate on Moody's Composite Index of Yields on Long-Term Corporate Bonds, computed for each year of the deficiency period. I would remand this case to the court of common pleas for testimony on what is the fair rate of delay compensation to pay the condemnee on the "time value" of the money it should have received for the property from the day it was taken.