523 A.2d 755

PITTSBURGH NORTH, INC., Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 15, 1986.

Decided April 6, 1987.

Leonard M. Mendelson, Hollinshead and Mendelson, Pittsburgh, for appellant.

Jeffrey L. Giltenboth, Asst. Counsel, Dept. of Transp., Pittsburgh, LeRoy Zimmerman, Atty. Gen., Harrisburg, for appellee.

Before NIX, C.J., and FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Appellee, the Commonwealth of Pennsylvania, Department of Transportation (PennDOT), filed a declaration of taking on March 23, 1977 regarding property owned by appellant, Pittsburgh North, Inc. PennDOT sought the

then vacant property for the purposes of constructing a highway. Estimated just compensation of $13,920.00 was paid into the court by PennDOT on May 25, 1977. An additional amount ($2,180.00) was added to the initial payment on January 7, 1981, thereby increasing the total payment to $16,100.00. PennDOT was eventually forced to contribute another $34,500.00 after a jury returned a verdict of $50,000.00 from PennDOT's appeal of the Board of Viewers' report, which had awarded Pittsburgh North $69,-250.00 in damages. No delay damages were ever paid on any portion of the jury award. Pittsburgh North thereafter filed a Petition for Interest, contending that delay compensation was appropriate based on the findings of the Board of Viewers. The petition was denied. On appeal the Commonwealth Court affirmed, 89 Pa.Cmwlth. 573, 492 A.2d 1168.

The trial court determined that pursuant to section 611 of the Eminent Domain Code[1] PennDOT would have to have taken possession of the condemned tract of land in order for Pittsburgh North to be entitled to delay compensation. Pittsburgh North argued that "by designating the abutting highway as a limited access highway, [PennDOT] interfered with its full and normal use of the property because [Pittsburgh North] was thereby deprived of a *contemplated* use from the time of the Declaration of Taking." *Pittsburgh North, Inc. v. Commonwealth of Pennsylvania, Department of Transportation*, Slip. op. Court of Common Pleas of Allegheny County, GD 81–14168 at 1 (emphasis added). The trial court rejected the argument, holding that in the instant case the character of the condemned, vacant tract remained unchanged and will remain unchanged until PennDOT actually takes physical possession. The Commonwealth Court thereafter based its affirmance on the trial court's reasoning. From that decision appellant sought allowance of appeal, which was granted.

1. Act of June 22, 1964, Sp.Sess., P.L. 84, Art. I, § 101, 26 Pa.C.S. § 1–101 *et seq.*

Pittsburgh North raises two issues herein: (1) whether it was entitled to delay compensation under section 611 at the time PennDOT acquired the right to possession of the condemned tract; and (2) whether the prescribed rate of interest of six percent per annum under section 611 is unconstitutional. Based on the following analysis, we affirm the lower courts' decision.

Section 611 of the Eminent Domain Code reads as follows:

§ 1–611. Delay compensation

*The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation,* nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: Provided, however, that no compensation for delay shall be payable with respect to funds paid on account, or by deposition in court, after the date of such payment or deposition. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award of verdict, but shall at the time of payment of the award of judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict.

26 Pa.C.S. § 1–611 (Emphasis supplied).

In the companion case of *Hughes v. Commonwealth of Pennsylvania, Department of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987), we were called upon to construe this section. Considering issues very similar to those here

we held "that where a declaration of taking deprives a landowner of the full and normal use of the property, *as established by the use to which his property was devoted prior to the declaration,* then that landowner shall no longer be considered "in possession" within the meaning of section 611, and the condemnee may claim delay damages from the date of the declaration of taking." *Id.* at 309, 523 A.2d at 752.

In *Hughes, supra,* the landowners (condemnees) were farmers who claimed that PennDOT's condemnation of their property effectively prevented them from reaping the agricultural benefits of the land, even prior to PennDOT's taking physical possession. This was due to the fact that PennDOT refused to guarantee that it would not enter the land prior to harvest, thereby forcing the condemnees to refrain from planting any crops on the condemned parcels. The facts in the case at bar are easily distinguishable from those in *Hughes, supra.* Pittsburgh North states that PennDOT's action of condemnation prevented its *contemplated* development of the vacant land. It is clear that PennDOT's actions did not interfere with Pittsburgh North's full and normal use of the property "as established by the use to which [the] property was devoted prior to the declaration [of taking]." *Hughes, supra,* at 309, 523 A.2d at 752.

Since we have determined that Pittsburgh North is not entitled to any delay compensation, the complaint regarding the fixed rate of interest established by section 611 with respect to the delay compensation is rendered moot.[2]

The Order of the Commonwealth Court is affirmed.

LARSEN, J., did not participate in the consideration or decision of this matter.

2. In *Hughes v. Commonwealth of Pennsylvania, Department of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987), three members of the present majority dissented from the Court's resolution of this interest issue.