# In re Condemnation of Route 1045

*John V. Rovinsky*, for condemnor.
*Jackson M. Sigmon*, for condemnees.

FREEDBERG, *J.*, June 10, 1988—This matter is before the court for determination of condemnees' claim for interest arising from condemnation of 30,742 square feet of land owned by condemnees. The parties have entered into a statement of facts as follows:

(1) On April 16, 1985, a declaration of taking was filed by the condemnor, Commonwealth of Pennsylvania, Department of Transportation, to no. 1985-CM-2914.

(2) The taking concerned a parcel containing 75,682 square feet owned by Anthony S. and Margaret A. Agentis upon which was a residential structure. The commonwealth took 30,742 square feet to the rear of the house, leaving the residence and 44,940 square feet as a remainder after the taking. The house was continued to be used as a residence after the taking.

(3) Estimated just compensation in the amount of $30,000 was paid on March 11, 1986, and in the amount of $3,575 on April 14, 1986. The total estimated just compensation paid to the condemnees was $33,575.

(4) The commonwealth did not give the contractor the notice to proceed until February 5, 1987, and did not enter upon the property or take possession until that date.

(5) On February 23, 1987, the case was settled in the total amount of $82,500 and the question of detention damages was left open to the court.

(6) On July 2, 1987, the commonwealth paid the condemnees the amount of $49,425. At that time, the condemnees' attorney, Jackson M. Sigmon, Esq., filed a praecipe settling and discontinuing the action.

(7) The question for the court is whether or not detention damages are to be awarded to the condemnees from the date of possession to the date of final payment; or, from the date the declaration of taking was filed to the date of final payment. It is the commonwealth's position that detention damages on the amount of $49,425 are payable to the condemnees from the date of possession, February 5, 1987, to the date of final payment, July 2, 1987. It is the condemnees' position that detention damages are payable from the date of taking, April 16, 1985, to the date of final payment, July 2, 1987.

Section 611 of the Eminent Domain Code provides in relevant part as follows:

"§1-611. Delay compensation—

. . .

"The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to

rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six percent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: Provided, however, that no compensation for delay shall be payable with respect to funds paid on account, or by deposit in court, after the date of such payment or deposit. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict."

"Where a declaration of taking deprives a landowner of the full and normal use of his property, *as established by the use to which his property was devoted prior to the declaration,* then that landowner shall no longer be considered 'in possession' within the meaning of section 611, and the condemnee may claim delay damages from the date of the declaration taking." *Hughes v. Commonwealth of Pennsylvania, Department of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987). The rationale for this rule is set forth in *Hughes* as follows:

"In that twilight of eminent domain, between present possession in the owner and the future right of possession by the commonwealth, all the possible ordinary concomitants of possession repose in the actual potential of the land. If the land cannot be put to its ordinary use because of the condemnation, such a result, without adequate compensation, would be an unjust taking and a waste of the uses of

land. It follows that when the condemnation deprives the landowner of the normal uses of the land, pending physical possession by the commonwealth, compensation must also be intended."

In *Pittsburgh North Inc. v. Commonwealth of Pennsylvania, Department of Transportation*, 514 Pa. 316, 523 A.2d 755 (1987), the court applied the *Hughes* formula to the condemnation of a vacant property, refusing to award delay damages since the declaration of taking did not interfere with the landowner's full and normal use of the property as established by use prior to the taking, i.e. as a vacant lot. The case was distinguished from the facts in *Hughes* wherein the landowners who were farmers were entitled to interest because they were unable to use the land as farmland, as it had been used in the past, because PennDOT refused to guranatee that it would not enter the land prior to harvest.

In the instant case, the commonwealth, relying upon *Pittsburgh North,* asserts that the condemnees are not entitled to delay damages. The difficulty with the commonwealth's position is that the statement of facts upon which we are to make our ruling does not reveal to what use the condemned land was put prior to the declaration of taking or to what use it could have been put by the landowner subsequent to the declaration of taking. The only information in the statement of facts is that the condemnee's residential structure remained on the untouched portion of the original tract subsequent to the taking. In *Commonwealth of Pennsylvania by and through the Pennsylvania Game Commission v. 21.1 Acres Of Land In Washington Township, Butler County*, 61 Pa. Commw. 383, 433 A.2d 915 (1981), it was held that if a condemnee is to be denied delay compensation by force of section 611, then the condemnor has the burden of proving the

presence of the statutorily defeating circumstance, the condemnee's continued possession. This holding is based on the presumption, which predated the Eminent Domain Code, that a condemnee is entitled to delay compensation from the date of taking. Thus, because the commonwealth has not met its burden of proof that the condemnees continued to have full and normal use of the condemned property as established by the use to which it was devoted prior to the declaration, we hold that the condemnees are entitled to delay damages from the date of filing of the declaration of taking.

Wherefore, we enter the following

## ORDER OF COURT

And now, June 10, 1988, condemnees' petition for award of delay damages from April 16, 1985, is granted. If the parties are unable to agree on an appropriate interest rate, then either party may place the matter on a non-jury trial list for presentation of evidence with regard to the appropriate interest rate to be applied.*

---

* *Hughes v. Commonwealth of Pennsylvania, Department of Transportation* holds that the statutory interest rate of six per cent set forth by section 611 of the Eminent Domain Code is unconstitutional, and that the final interest rate is a factual issue to be determined by the trier of fact. In *Hughes*, the Supreme Court upheld the trial court, which, based on the record made before it, concluded that the prevailing commercial loan rate should be applied.